PEOPLE ex rel. O'LOUGHLIN, County Register, v. PRENDERGAST, City Comptroller, et al.

(Supreme Court, Appellate Division, Second Department.    December 30, 1915.)

1. MUNICIPAL CORPORATIONS ⬤═888—OFFICERS AND EMPLOYÉS—PAYMENT OF SALARIES—STATUTE.

Where an act (Laws 1913, c. 776) authorized the register of the county of Kings to employ assistants at specified salaries, conferring power to determine whether they were necessary upon the register and not upon the comptroller or the board of estimate and apportionment, it was the duty of the board, under Greater New York Charter (Laws 1901, c. 466) § 230, to make provision for the salaries of such assistants in the annual budget.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1870; Dec. Dig. ⬤═888.]

2. MUNICIPAL CORPORATIONS ⬤═871—OFFICERS AND EMPLOYÉS—STATUTE AUTHORIZING APPOINTMENT—CONSTITUTIONALITY.

The constitutionality of an act (Laws 1913, c. 776), authorizing the register of the county of Kings to employ assistants at specified salaries and conferring power upon him to determine whether such assistants were necessary, could not be challenged, on the ground that the statute, by authorizing the appointment of unnecessary employés, violated the clause of the Constitution prohibiting a municipality from giving away its property, by showing that the comptroller and board of estimate and apportionment differed with the register as to the necessity of the appointment.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1817; Dec. Dig. ⬤═871.]

Appeal from Special Term, Kings County.

Application for peremptory writ of mandamus by the People, on the relation of Edward T. O'Loughlin, as Register of the County of Kings, against William A. Prendergast, as Comptroller of the City of New York, and others. From an order granting the writ, and from an order denying their motion for reargument, defendants appeal. Orders affirmed.

The following is the opinion of the court below, by Blackmar, J.:

[1] The taxpayers of the county of Kings are appreciative of the efforts of the comptroller and the board of estimate and apportionment to reduce the burden of taxation.  But the county of Kings and the city of New York are municipal corporations, and in the exercise of their political powers are subject to the will of the Legislature of the state.  The act of 1913 (Laws 1913, c. 776) authorizes the register of the county of Kings, who is a constitutional county officer, to employ certain assistants at specified salaries.  The power to determine whether these assistants are necessary was conferred by statute upon the register, and not upon the comptroller, or the board of estimate and apportionment.  Such board, therefore, has no power to overrule the judgment of the register as to the necessity for the services of such assistants.  He has the power to create these charges against the county of Kings, and it becomes the duty of the board of estimate and apportionment, under section 230 of the charter (Laws 1901, c. 466), to make provision for these expenses in the annual budget.  It is the duty of the court to compel obedience to the laws upon the statute books, no matter what its own opinion may be as to the necessity for the services of these employés of the register.  If we are unduly burdened by mandatory laws, we must console ourselves with the reflection that such laws are enacted by legislators chosen by the people.  Economy is a good thing, but obedience to law is better.

[2] The defendants suggest that the act is unconstitutional, in that, as the appointment of these employés is unnecessary, it in effect violates that clause of the Constitution prohibiting a municipality from giving away its property. I do not think the answering affidavits raise a question of fact, which is relevant to a determination of the constitutionality of this statute. It is competent for the Legislature to confer upon a constitutional officer the power to determine what assistants are necessary for him in the prosecution of his duties; and the constitutionality of an act authorizing such appointments cannot be challenged by showing that the officers of the municipality who control its finances differ with the officer having the appointive power on the question of the necessity for its exercise. I see no question of fact requiring the issuance of an alternative instead of a peremptory writ, and I direct that a peremptory writ issue in accordance with the prayer of the petition.

If the defendants desire to appeal, the execution of the writ will be stayed. Settle order on notice.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Thomas F. Magner, of Brooklyn (George A. Green, of Brooklyn, on the brief), for appellants.

Jesse Fuller, Jr., of Brooklyn, for respondent.

JENKS, P. J.   We affirm these orders upon the opinion of Blackmar, J., at Special Term.   The learned and able assistant corporation counsel, who presented the appeal, writes in his points:

"The appellants contend that, if they were to approve the appropriations which the relator seeks, they would be sanctioning a willful waste of public funds."

Assuming, but not deciding, that such consequences would follow the official action of the appellants, suffice it to say, when the courts decide that the appellants have no discretion in the present situation, the appellants are free from blame.   The absence of alternative is absolution.   Conceding, but of course not deciding (for the matter is not before us), that the conclusion of the appellants is correct, that a consequence is willful waste, then there are legal remedies ample to right that wrong.

Orders affirmed, without costs.   All concur.